UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM and LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND, | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| GALOMEX CORPORATION, an Illinois corporation, | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND ("Pension Fund"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND ("Welfare Fund"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trainee Fund"), and the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("Labor/Management Fund) and their respective trustees (hereinafter, collectively the "Trust Funds"), by their attorney, Kevin P. McJessy, complain of Defendant GALOMEX CORPORATION, an Illinois corporation ("Defendant") as follows.

### SUMMARY OF THIS ACTION

1.      The Trust Funds bring this action against the Defendant under ERISA because Defendant failed to pay amounts owed to the Trust Funds pursuant to the Area Agreement and the Trust Agreements for the period April 17, 2013 through December 31, 2013 ("Audit Period"). The Trust Funds seek payment of (i) all unpaid fringe benefit contributions, (ii)

interest, (iii) the greater of interest or liquidated damages, (iv) auditors' fees and (v) attorneys' fees and costs.

## JURISDICTION

2.      This Court has jurisdiction over this matter based on questions arising under §502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and §301 of the Taft-Hartley Act.  (29 U.S.C. §§ 1132 and 185).

## VENUE

3.      Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans which are located in and administered in Chicago, Illinois.

## PLAINTIFFS

4.      **The Trust Funds.**  The Trust Funds receive contributions from numerous employers pursuant to Area Agreements ("Area Agreements") between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters, successor of the Chicago District Council of Carpenters, (hereinafter referred to as the "Union"), and therefore, are multi-employer plans.  (29 U.S.C. §1002).

5.      The Trust Funds collect contributions on their own behalf and on behalf of related funds which have charged the Trust Funds with the obligation to collect contributions.

6.      The Trust Funds then use the contributions to provide medical, pension, training and other benefits to Union carpenters and other persons.

## DEFENDANT

7.      **Defendant.**  Defendant is an Illinois corporation engaged in an industry affecting commerce.

8.      Defendant signed a Memorandum of Agreement ("Agreement") with the Union on April 17, 2013 pursuant to which it agreed to be bound by the Area Agreements and by the

terms of the trust agreements establishing each of the Trust Funds. The Agreement, the Area

Agreements and the trust agreements are hereinafter collectively referred to as "Agreements."

## GENERAL ALLEGATIONS

9.      The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to maintain

books and records sufficient for the Trust Funds or their designees to determine whether

Defendant has accurately reported and paid contributions it owes to the Trust Funds

10.     The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to produce such

books and records to the Trust Funds or their designees so that the Trust Funds or their designees

can determine whether Defendant has accurately reported and paid contributions it owes to the

Trust Funds.

11.     The Agreements require Defendant to contribute to the Trust Funds for each hour

worked by Defendant's employees performing jurisdictional work.

12.     The Agreements prohibit the employer from subcontracting jurisdictional work to

nonunion subcontractors for work performed at a jobsite. The Area Agreement provides that if

Defendant subcontracts jurisdictional work to a subcontractor who is not signatory to the Area

Agreement, then Defendant shall require the subcontractor to be bound by the terms of the Area

Agreement or Defendant shall maintain daily records of the subcontractor's employees and pay

contributions to the Trust Funds for the hours worked by the subcontractor's employees.

13.     At the Trust Funds' direction, the independent auditing firm Legacy

Professionals, LLP conducted an audit of Defendant's books and records encompassing the

Audit Period.

14.     Defendant produced records to Legacy Professionals for the audit of Defendant's

fringe benefit contributions to the Trust Funds for the Audit Period. Based on the records

produced by Defendant to Legacy Professionals, Defendant owes unpaid fringe benefit contributions to the Trust Funds for the Audit Period.

15.     The Trust Funds sent a copy of the audit report prepared by Legacy Professionals to Defendant asking Defendant to pay the amount due.  On or about May 20, 2015, Defendant signed a promissory note agreeing to pay amounts due.  Defendant thereafter failed to pay the amount due.

## COUNT I

16.     The Pension Fund hereby incorporates paragraphs 1 - 15 above as though fully set forth herein.

17.     Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all fringe benefit contributions owed to the Pension Fund for the Audit Period.

18.     The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

19.     The Pension Fund has complied with all conditions precedent in bringing this suit.

20.     The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund and/or to compel production of all books and records necessary for an audit.

21.     Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

22.     This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

23.    This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(C),

an amount equal to the greater of:

    (a)    interest on any unpaid contributions; or

    (b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in its favor which orders

Defendant:

    A.    to pay any and all contribution amounts the Defendant owes the Pension Fund or which the Pension Fund is responsible for collecting or authorized to collect under the Agreements;

    B.    to pay interest on the amount that is due;

    C.    to pay interest or liquidated damages on the amount that is due;

    D.    to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action;

    E.    to pay auditors' fees incurred to establish the amount due; and

    F.    to award the Pension Fund such other and further relief as the Court deems just and equitable.

## COUNT II

24.    The Welfare Fund hereby incorporates paragraphs 1 - 15 above as though fully set

forth herein.

25.    Defendant breached the provisions of the Area Agreements and the Trust

Agreements by failing to pay all fringe benefit contributions owed to the Welfare Fund for the

Audit Period.

26.    The Area Agreements and Trust Agreements require Defendant to pay liquidated

damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the

collection process.

27. The Welfare Fund has complied with all conditions precedent in bringing this suit.

28. The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund and/or to compel production of all books and records necessary for an audit.

29. Defendant must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

30. This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

31. This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendant:

A. to pay any and all contribution amounts the Defendant owes the Welfare Fund or which the Welfare Fund is responsible for collecting or authorized to collect under the Agreements;

B. to pay interest on the amount that is due;

C. to pay interest or liquidated damages on the amount that is due;

D. to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action;

E. to pay auditors' fees incurred to establish the amount due; and

F. to award the Welfare Fund such other and further relief as the Court deems just and equitable.

## COUNT III

32.     The Trainee Fund hereby incorporates paragraphs 1 - 15 above as though fully set forth herein.

33.     Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all fringe benefit contributions owed to the Trainee Fund for the Audit Period.

34.     The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

35.     The Trainee Fund has complied with all conditions precedent in bringing this suit.

36.     The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund and/or to compel production of all books and records necessary for an audit.

37.     Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

38.     This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

39.     This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a)     interest on any unpaid contributions; or

(b)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendant:

A.   to pay any and all contribution amounts the Defendant owes the Trainee Fund or which the Trainee Fund is responsible for collecting or authorized to collect under the Agreements

B.    to pay interest on the amount that is due;

C.   to pay interest or liquidated damages on the amount that is due;

D.   to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action;

E.   to pay auditors' fees incurred to establish the amount due; and

F.   to award the Trainee Fund such other and further relief as the Court deems just and equitable.

## COUNT IV

40.   The Labor/Management Fund hereby incorporates paragraphs 1 - 15 above as though fully set forth herein.

41.   Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to pay all fringe benefit contributions owed to the Labor/Management Fund for the Audit Period.

42.   The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

43.   The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

44.   The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund and/or to compel production of all books and records necessary for an audit.

45.   Defendant must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

8

46.     This Court should award the Labor/Management Fund, pursuant to 29 U.S.C.

§1132(g)(2)(B), interest on the amount due.

47.     This Court should award the Labor/Management Fund, pursuant to 29 U.S.C.

§1132(g)(2)(C), an amount equal to the greater of:

(a)     interest on any unpaid contributions; or

(b)     liquidated damages provided for under the Trust Agreements not in excess of 20%
        of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which

orders Defendant:

A.      to pay any and all contribution amounts the Defendant owes the
        Labor/Management Fund or which the Labor/Management Fund is responsible
        for collecting or authorized to collect under the Agreements;

B.      to pay interest on the amount that is due;

C.      to pay interest or liquidated damages on the amount that is due;

D.      to pay the reasonable attorneys' fees and costs the Labor/Management Fund
        incurred in this action;

E.      to pay auditors' fees incurred to establish the amount due; and

F.      to award the Labor/Management Fund such other and further relief as the Court
        deems just and equitable.

                                CHICAGO REGIONAL COUNCIL OF
                                CARPENTERS PENSION FUND *et al.*


                                By: __s/ Kevin P. McJessy_____
                                        One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@mcandt.com